UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD OBAS,

    Plaintiff,

v.                                        Case No:  2:17-cv-150-FtM-99CM

RITZ-CARLTON HOTEL COMPANY,
LLC and WILLIAM JESKE,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant Ritz-Carlton Hotel Company, LLC's (Ritz-Carlton) Response to this Court's Order to Show Cause (Doc. 7), directing Ritz-Carlton to show cause why this case should not be remanded for failure to establish diversity jurisdiction at the time of removal.  Specifically, the Court noted that Ritz-Carlton had failed to identify the citizenship of the members of the limited liability company.  The Court is satisfied with Ritz-Carlton's response as to the LLC's citizenship.

The Court further notes an additional issue with the Notice of Removal, wherein it states that Plaintiff "alleges he is a resident of Florida."  (Doc. 1, ¶ 5).  There are two problems with this.  First, Ritz-Carlton relies on Plaintiff's allegations to satisfy diversity, but as the Eleventh Circuit has recently noted, removing parties should not rely on beliefs

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

of opposing parties to meet the burden to establish diversity jurisdiction, nor should the Court accept such representations without further investigation.  See Purchasing Power, LLC v. Bluestem Brands, Inc., --- F.3d ---, 2017 WL 1046103, at *6 (11th Cir. Mar. 20, 2017).  Second, domicile is required, not residency.  An individual is a citizen where he is domiciled, not necessarily where he is a resident.  See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").  Domicile is the place of an individual's true, fixed, and permanent home and to which he intends to return whenever he is absent therefrom.  See Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citations omitted).  A domicile is not synonymous with a residence, and it is possible for someone to reside in one place but be domiciled in another.  See id.   Ritz-Carlton will be afforded an opportunity to supplement its Notice of Removal, as directed by 28 U.S.C. § 1653.

Finally, Ritz-Carlton states in its Notice of Removal that Plaintiff, who is a Florida citizen, may not use the joinder of Defendant William Jeske, who is alleged in Plaintiff's Complaint to be a resident of Collier County, Florida (Doc. 2), to destroy diversity.[2]  (Doc. 1, ¶ 6).  The Court assumes <u>arguendo</u> that this is correct at this stage of the litigation, but notes that subject-matter jurisdiction remains a "live" issue throughout the duration of this case.[3]

---

[2] 28 U.S.C. §1441(b) states, "Such action[s] shall be removable only if none of the parties in interest *properly joined and served as defendants* is a citizen of the state in which such action is brought" (emphasis added).

[3] The Court notes that there is a split in authority as to whether the presence of an unserved, nondiverse defendant destroys a federal court's removal jurisdiction, and the Eleventh Circuit has never squarely addressed the issue.  See Goodwin v. Reynolds, 757 F.3d 1216, 1221 (11th Cir. 2014).  See also North v. Precision Airmotive Corp., 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009) (collecting cases).

Accordingly, it is now

**ORDERED:**

(1) Defendant Ritz-Carlton must supplement its Notice of Removal in accordance with this Order by **April 21, 2017**. **Failure to do so will result in this case being remanded without further notice**.

(2) The Court will take **no further action** on its Order to Show Cause (Doc. 7).

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of April, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record