UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD OBAS,

    Plaintiff,

v.                       Case No:   2:17-cv-150-FtM-99MRM

RITZ-CARLTON HOTEL COMPANY,
LLC and WILLIAM JESKE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on the Order to Show Cause (Doc. 38) entered on July 10, 2017 and Plaintiff's Response (Doc. 40) thereto.

In the Order to Show Cause, the Court noted that it had previously given Plaintiff up to and including June 15, 2017 to serve Defendant William Jeske. (Doc. 38 at 1 (citing Doc. 29 at 2 ¶ 2)). Because there had been no indication on the docket or otherwise that Defendant William Jeske had been served timely, the Court ordered Plaintiff to show cause why this action should not be dismissed against Defendant William Jeske pursuant to Fed. R. Civ. P. 4(m). (*Id.*).

In his Response to the Order to Show Cause, Plaintiff states that he has been unable to serve Mr. Jeske "[b]ecause of the Ritz Carlton's continued refusal to provide identifying information such as Mr. Jeske's date of birth." (Doc. 40 at 1). Plaintiff states that all efforts to locate and serve Mr. Jeske have been unsuccessful. (*Id.*). Moreover, Plaintiff concedes that, due to the number of attempts, "it has become clear that Plaintiff will probably be unable to locate and serve Mr. Jeske." (*Id.*).

Notwithstanding this concession, Plaintiff prefers that "the Court to stay any actions against Mr. Jeske rather than dismiss same." (*Id.*). Plaintiff states that he "is concerned that

should Mr. Jeske be dismissed, Defendant Ritz-Carlton will somehow 'find' Mr. Jeske as a witness." (*Id.*). Based on this concern, Plaintiff states that "should this Court dismiss Mr. Jeske, Plaintiff therefore requests this Court allow him to amend his Complaint to again sue Mr. Jeske in his individual capacity." (*Id.*).

In reviewing this issue, the Court notes that a plaintiff is responsible for serving a defendant with a summons and the complaint within the time allowed under Fed. R. Civ. P. 4(m). *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1280-81 (11th Cir. 2007). The Rule presently states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

As indicated by the rule, a plaintiff generally must serve a defendant within 90 days. *Id.* Notwithstanding this requirement, the Court may extend the time period for service for "good cause." *Id.* The Eleventh Circuit has noted, however, that good cause exists to extend the time for service "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey*, 476 F.3d at 1281 (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991)). Even absent a showing of good cause, however, the Court still retains the power, in its discretion, to extend the time for service of process. *Id.* at 1282 (*Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005)). Furthermore, even "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case."

*Id.* Such other circumstances include whether the statute of limitations would bar refiled relief or evasion of service by a defendant. *Id.* (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments). The Eleventh Circuit has stated that "[o]nly after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.*

In this case, Plaintiff was required to serve Defendant William Jeske within 90 days. *See* Fed. R. Civ. P 4(m). Plaintiff failed to serve Defendant Jeske within this time. Notwithstanding this requirement, the Court nevertheless extended the time period for service. (Doc. 29). Despite the extension of time, however, Plaintiff still has not served Defendant William Jeske. (*See* Doc. 40 at 1). Moreover, upon review of the facts of this case, the Undersigned finds that good cause does not exist to grant a further extension of time.

Specifically, good cause only exists when some outside factor prevents service. *Lepone-Dempsey*, 476 F.3d at 1281. While Plaintiff contends that it is Defendant Ritz-Carlton Hotel Company, LLC's refusal to provide additional information about William Jeske that has prevented service, it is ultimately Plaintiff's responsibility to serve Defendant Jeske. *See id.* Further, Plaintiff concedes that "it has become clear that Plaintiff will probably be unable to locate and serve Mr. Jeske." (Doc. 40 at 1). Because Plaintiff does not believe that service is possible, the Undersigned cannot find that good cause exists to extend the time for service again. *See Lepone-Dempsey*, 476 F.3d at 1281.

Nevertheless, even when good cause does not exist for an extension of the time for service, the Court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. *Id.* at 1282. In this instance, however, Plaintiff has not suggested that there are any other circumstances warranting a further extension of time—such as

3

an expiration of the statute of limitations or an evasion of service by Defendant Jeske. Moreover, while Defendant prefers a stay of the claims against Defendant Jeske, it is abundantly clear that Plaintiff believes he has no realistic chance to serve Defendant Jeske. Further, while Plaintiff is concerned that Defendant Ritz-Carlton Hotel Company, LLC might somehow "find" Defendant Jeske at a later date, the Undersigned notes that all dismissals pursuant to Rule 4(m) are without prejudice. Because no other circumstances exist warranting a further extension of time, the Undersigned finds that this action may be dismissed against Defendant Jeske pursuant to Rule 4(m). *See id.*

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that this action be dismissed without prejudice against Defendant William Jeske for Plaintiff's failure to serve Defendant Jeske timely pursuant to Fed. R. Civ. P. 4(m).

Respectfully recommended in Chambers in Fort Myers, Florida on July 24, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties